McDONALD, j.,
concurring.
I join the Court’s judgment because I agree with the result. Athough the Majority opinion expresses its rationale well, I would reach that result for a different reason.
*85 As the Majority opinion explains, in order for the recorded undercover phone calls between Donald and Mr. Seal to be admissible in a Maryland court, Donald had to be making the calls at the prior direction, and under the supervision, of a law enforcement officer. At a minimum, then, there must be a law enforcement officer acting in a law enforcement capacity supervising the calls.
In my view, it is not necessary in this case to undertake the difficult assessment of how much supervision is sufficient in the myriad types of cases that might arise under this exception in the wiretap statute — inevitably, the analysis will be described as “case by case.” In this case, however, the simple fact is that Donald made the undercover calls from West Virginia to Virginia and, as best I can tell from the record, no one with authority to function as a law enforcement officer in West Virginia was supervising those calls in any fashion.
Detective Copeland is a Montgomery County police officer. As such, she is authorized to act as a law enforcement officer in Montgomery County and, with certain limitations not relevant here, to conduct investigations throughout the State of Maryland. See Maryland Code, Criminal Procedure Article (“CP”), § 2-102. She may also be able to exercise law enforcement powers in other states in particular circumstances, to the extent authorized by Maryland law and by the law of the other state.[1] But nothing in the record indicates that *86 Detective Copeland was authorized to do so in this case or that she otherwise had authority to supervise a criminal investigation in West Virginia. Thus, even if she was standing over Donald’s shoulder the entire time he made the calls, he would not have been acting under the supervision of a law enforcement officer,[2] Nor is there any indication in the record that any law enforcement officer in West Virginia was involved in the investigation.[3]
Law enforcement officers are entrusted with special powers to enforce the law in our society — no doubt one reason that the Maryland Wiretap Act requires supervision by a law enforcement officer in order for the recording of a telephone call to be lawful in these circumstances. But, for the same reason, it is important to recognize the bounds of those powers and to adhere to them.

. Maryland law allows county police officers to perform law enforcement duties outside Maryland in certain circumstances. See, e.g., CP § 2-105 (county police officers may act "outside the State” under mutual aid agreements). Presumably, the laws of other states allow Maryland officers to act as law enforcement officers in those states under particular circumstances, just as the law of Maryland allows officers from other states to carry out law enforcement duties here under particular circumstances. See, e.g., CP § 2-305 (police officers of other states may make arrests in Maryland when in “fresh pursuit” of suspect). But I am not aware of any law that generally authorizes law enforcement officers of one state to perform law enforcement functions in other states. For example, unless specifically authorized by Maryland and West Virginia law, Detective Copeland could not on her own obtain, and execute, a search warrant in West Virginia.

. Imagine if Donald had been making the calls from another state that ordinarily requires two-party consent and that lacks an exception for the particular crime under investigation. Even if Detective Copeland was physically present at the time of the undercover calls, she and Donald would likely both be violating the law of that state.

. The State relies on Maryland Code, Courts and Judicial Proceedings, § 10-405(b), under which a telephone call intercepted in another state may be admissible in a Maryland court if the call was intercepted in compliance both with the law of that jurisdiction and with the Maryland Wiretap Act. But this does not mean that the requirement in the Maryland Wiretap Act that an undercover call be supervised by a law enforcement officer could be satisfied by someone without law enforcement authority in the jurisdiction of the interception.